IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:07-CR-344-CAP-AJB |
| CLIFFORD HARRIS, JR. | : | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR EXCEPTIONS TO THE COURT'S CONDITIONS OF RELEASE**

Comes now the United States of America, by David E. Nahmias, United States Attorney, and Francey Hakes and Todd Alley, Assistant United States Attorneys for the Northern District of Georgia, and files this Response in Opposition to Defendant's Motions for Exceptions to the Court's Conditions of Release.

1.

On October 13, 2007, the defendant was arrested for unlawfully possessing unregistered machine guns and silencers, and for being a felon in possession of firearms. (Doc-1). On October 15, 2007, the Government moved to detain the defendant pending trial. (Doc-2). The defendant was subsequently indicted by the Grand Jury on October 17, 2007 for unlawfully receiving unregistered firearms; unlawfully possessing machine guns; and for possessing firearms after having been convicted of a drug trafficking crime. (Doc-5).

2.

On October 26, 2007, the Court ordered the defendant released pending trial, but imposed stringent conditions. (Doc-23). The

conditions imposed by the Court included home incarceration and restrictions on defendant's visitors. (Id. at 1-2). The Court ordered that defendant would be limited to three visitors at any time, and that each must be pre-approved by Pretrial Services and the Government. (Id. at 2).

3.

Since the defendant's release, he has submitted to the Government lists containing ninety-five (95) names of requested visitors. Each must be subjected to a background check. The Government has consulted with the Pretrial Services Officer regarding the defendant's list of visitors. Pretrial Services is responsible for conducting the background checks on each proposed visitor. This process is ongoing and will continue for some time, and is taxing the resources of Pretrial Services.

4.

Moreover, the defendant has moved the Court for permission to have his entire family in his home during Thanksgiving Day, which would violate the Court's provision allowing only three (3) visitors at any one time. (Doc-33). The defendant has similarly requested that "yard maintenance workers, pool maintenance workers, and housekeeping services..." be allowed immediate access to the defendant's property. (Doc-32). The defendant represented in his motion for immediate access for various workers that the Government does not oppose this request. However, the Government agreed only

not to oppose outdoor maintenance workers, and even then agreed they should be admitted only after they were cleared by Pretrial Services. Workers who will be entering the house still should be cleared through the process established by the Court.

5.

The Government opposes defendant's motions for exceptions to the Court's conditions of pretrial release. The defendant agreed to the Court's conditions upon his release. The defendant is asking this Court for the very kind of special treatment to which this Court made clear the defendant was not entitled. His conditions of home incarceration already allow the defendant more freedom than he would have if the Court had granted the Government's Motion For Detention. The defendant is allowed the freedom to roam the grounds of his home and is even allowed to enjoy the outdoors on his boat dock, which is attached to his lakefront property. These conditions of home incarceration are hardly onerous. The defendant's request for approval for ninety-five (95) visitors is burdensome to the Government. His constant requests for more visitors, recent complaints about "delays" in the approval of visitors, and requests for maintenance workers and a traditional Thanksgiving dinner with "family" show that the defendant does not respect his agreement to abide by the conditions imposed by this Court, nor that he appreciates the generosity of

3

the Court in granting his release and the gravity of the charges lodged against the defendant by the United States.

WHEREFORE, the United States respectfully requests that this Court: 1) limit the number of visitors the defendant is permitted to request be cleared on a weekly or monthly basis; and, 2) DENY defendant's motions for exceptions to the Court's conditions of pretrial release.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY


/s/ Francey Hakes
FRANCEY HAKES
ASSISTANT UNITED STATES ATTORNEY


/s/ Todd Alley
TODD ALLEY
ASSISTANT UNITED STATES ATTORNEY

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6185
(404)581-6181 (Fax)

Georgia Bar No. 317420
francey.hakes@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document electronically:

>Dwight Thomas
>1745 Martin Luther King Jr. Dr.
>Atlanta, GA 30314
>
>Steve Sadow
>260 Peachtree Street, Ste. 2502
>Atlanta, GA 30303
>
>Edward T. Garland
>3151 Maple Drive
>Atlanta, GA 30305

This 7th day of November, 2007.

>/s/ Francey Hakes
>FRANCEY HAKES
>ASSISTANT UNITED STATES ATTORNEY
>francey.hakes@usdoj.gov