UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                Case No.  1:07-CR-344-1-CAP

**CLIFFORD J. HARRIS, JR.**                          Defendant's Attorneys:
a/k/a "T.I." a/k/a Charles Harris              Edward Garland, Steven Sadow,
                                                                     Dwight Thomas, Donald Samuel
                                                                     Janice Singer

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant plead guilty to Count(s) 1, 2, 3 of the Information.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
| --- | --- | --- |
| 26 USC §§ 5841, 5845, 5861(d) & 5871 | Receipt/Possession of Unregistered Machine Guns and Silencers | 1 |
| 18 USC § 922(o) | Unlawful Possession of Machine Guns | 2 |
| 18 USC § 922(g) | Unlawful Possession of Firearms by a Convicted Felon | 3 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$300.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.       0618                              Date of Imposition of Sentence:
Defendant's Date of Birth:         1980                              March 27, 2009
Defendant's Mailing Address:
Georgia

Signed this the  31st  day of March,  2009.


/s/Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE

1:07-CR-344-1-CAP :CLIFFORD J. HARRIS, JR.

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **One (1) Year and One (1) day on each of Counts One (1), Two (2) and Three (3) to run concurrently with each other pursuant to the Binding Plea Agreement.**

The defendant shall pay to the United States a total fine of $100,000 on Counts One (1), Two (2) and Three (3).  The fine shall be paid in full immediately on the date of sentencing.

The Court recommends that the BOP designate the defendant, if eligible, to the Minimum security Federal Prison Camp in Atlanta, Georgia for service of his sentence.  Based on the extensive community service that the defendant performed in the year interval between his guilty plea and imposition of sentence, during which the defendant fully abided by all laws and supervisory requirements, the Court finds that the defendant does not pose a danger to society, a risk of violence or an escape risk which would warrant any higher security placement.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal, but not before May 19, 2009.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:00-CR-412-1-CAP : FREDDIE ALLEN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) years on each of Counts One (1) through Three (3) to run concurrently.**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter.

The defendant shall participate in the drug/alcohol treatment program as directed by the United States Probation Officer and if able, contribute to the cost of services for such treatment.

The defendant shall complete a total 365 days of home detention, with credit for 305 days the defendant served on home incarceration and under the home detention program while on bond.  The defendant shall continue to receive credit for home detention during any period of voluntary surrender.  The actual days are calculated based upon the nights the defendant stayed or will stay at his residence of record in Jonesboro, Georgia.  The defendant's electronic monitoring will continue to be monitored via an electronic location verification, in the form of an active GPS, paid for by the defendant.  In order to facilitate his employment and travel schedule, until he completes his home detention period, the defendant will also continue with 24 hour monitoring by Judicial Corrections Services, or other court-approved monitor, paid for by the defendant.  The defendant and/or his counsel are directed to provide to the U.S. Probation Office a monthly report by the 5th business day following the end of each month detailing the defendant's home incarceration credits for that month.  The monitoring company shall provide to the probation officer, by the 5th day of each month, unless the probation office request it more frequently, a report detailing the defendant's compliance with home incarceration requirements.

While under home incarceration, the defendant shall maintain a curfew of 11:00 p.m. to 6:00 a.m., unless a contractual performance or appearance requires a later appearance, in which case his curfew shall be from 1:00 a.m. to 8:00 a.m.  Curfew may be modified on specific days for good cause by the probation officer.

The defendant shall perform 1500 hours of community service, with credit given for  1030  community service hours performed since his guilty plea on March 27, 2008.  The defendant shall continue to receive credit for community service hours earned during any period of voluntary surrender.  The 1500 hours of community service will be calculated as follows:

1. For every actual hour the defendant spends performing community service, an hour will be credited to him, if the activity exceeds four (4) hours.  Otherwise, for every separate public service activity, the defendant will be credited with four (4) hours of community service.

2. The defendant will receive no more than eight (8) hours credit for community service in any one day.

The defendant and/or his counsel are directed to provide to the U.S. Probation Office a monthly report by the 5th business day following the end of each detaining the defendant's community service credits for that month.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

Pursuant to 42 USC 14135(d)(1) and USC 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection DNA as directed by the probation officer.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of her person, property, (real or personal, or rental) residence, office, and/or vehicle(s) at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

1:07-CR-344-1-CAP :CLIFFORD J. HARRIS, JR.

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.