LAW OFFICE

# STEVEN H. SADOW, P.C.

260 PEACHTREE STREET, N.W.

SUITE 2502

ATLANTA, GEORGIA 30303

———

(404) 577-1400

Fax (404) 577-3600

May 15, 2009

Delbert Sauers, Designations Administrator
US Armed Forces Reserve Complex
346 Marine Force Drive
Grand Prairie, TX 75051

Re:  Harris, Clifford J., Jr.
Reg. No. 59458-019

Dear Mr. Sauers:

I am writing this follow-up letter to you to express serious concern
and dismay over your agency's designation of my client, Clifford Harris, Jr.,
about whom I wrote to you just last month. (A copy of my letter is attached.)
That letter clearly articulated the reasons and evidence upon which Mr.
Harris should reasonably be designated to a Minimum security institution,
despite the fact that he might technically be scored at Low security.
Additionally, as my first letter to you noted, the sentencing judge had the
U.S. Probation Office contact a member of your staff prior to Mr. Harris'
sentencing, and your staff member assured the probation officer who in turn
assured the judge that Mr. Harris would be designated to a Minimum
security camp.  Now that my client has been designated to the Low security
FCI at Forrest City, Arkansas, it appears that your agency has chosen to
ignore the pertinent factors outlined in my initial letter to you.  Moreover, I
have every reason to believe that your agency has seriously erred in the
classification scoring of my client.

As I stated, prior to sentencing, the sentencing judge directed the U.S.
Probation Office to contact your staff and to provide relevant information to
them about this case.  As a result of that contact, the judge was assured that
designation of Mr. Harris to a Minimum security camp should not be a
problem.   Such a designation would be entirely consistent with the
sentencing judge's recommendation that the Bureau of Prisons designate Mr.

A

STEVEN H. SADOW, P. C.

Delbert Sauers
May 15, 2009
Page -2-

Harris "to the Minimum security Federal Prison Camp in Atlanta, GA for service of his sentence." But the sentencing judge didn't stop there; he then stated the following in his recommendation: "***Based on the extensive community service that the defendant performed in the year interval between his guilty plea and imposition of sentence, during which the defendant fully abided by all laws and supervisory requirements, the Court finds that the defendant does not pose a danger to society, a risk of violence or an escape risk which would warrant any higher security placement.***" (Mr. Harris remains free pending voluntary surrender to the designated prison.) Based on representations from your agency that Mr. Harris would be granted Minimum security placement, along with his own substantial demonstration that he needs no more than minimal supervision, it seems fairly obvious that your agency has overclassified Mr. Harris, likely based solely on the Presentence Report. Unfortunately, it also appears that my first letter to you went largely unheeded, as your response didn't address most of the very important factors raised therein. (A copy of your response is also attached.)

Unjustly compounding the problem is the serious error which your staff made in scoring Mr. Harris' security level. Upon learning that Mr. Harris was designated to the Low security FCI at Forrest City, Arkansas, the same probation officer who had contacted your staff previously on behalf of the sentencing judge checked into why Mr. Harris was designated far from home to a Low security institution. That probation officer was told that by your staff that Mr. Harris was scored a total of 15 points, which included 6 points for Serious History of Violence for a battery offense on 9/7/2003. In this regard, I would direct your careful attention to B.O.P. Program Statement 5100.08, Inmate Security Designation and Custody Classification, Chapter 4 pages 9-10, which clearly stipulate that "Serious History of Violence" is aggressive or intimidating behavior that is "likely" to cause serious bodily harm or death, and examples listed include such serious

STEVEN H. SADOW, P. C.

Delbert Sauers
May 15, 2009
Page -3-

factors as weapons use and even rape, whereas "Minor History of Violence"
is defined as simple assault and fights. There is absolutely no evidence in
the Presentence Report's (paragraph 61) description of the battery offense
that the behavior rose above the level of a simple assault or fight, as it arose
only from Mr. Harris struggling with the arresting officer when that officer
attempted to apprehend him. The word struggle does not imply anything
more serious, and there is absolutely no information that the officer was
seriously hurt, let alone in danger of death. Indeed, Mr. Harris' sentence
alone, *18 months probation and no incarceration*, reflects the total lack of
serious injury or danger. The probation officer was told by your staff that
the reason for such a serious scoring is because the battery was against a law
enforcement officer, but there is no language in B.O.P. Program Statement
5100.08 that distinguishes a simple fight or assault according to who the
battered party is. The intent of the policy seems clear, which is to score
more heavily those individuals who have intended or actually done serious
bodily harm and who are thereby more dangerous. Such severe factors are
not present in Mr. Harris' 2003 battery case.

        If the Bureau of Prisons scored Mr. Harris to be Low security based
solely on the Presentence Report, it should have scored him at 12 points not
15 points; 12 points of course is only 1 point away from Minimum security.
Based on the new, corrected security scoring, and the mitigating information
previously provided to you and the judicial recommendation, your office
could have approved a Lesser Security Management Variable as part of
classification, which would have allowed for a designation to a Minimum
security camp. The fact that this wasn't done not only leads me to question
why your staff represented to the U.S. Probation Office that camp placement
should not be a problem, but why the judge's recommendation and my letter
to you were not more seriously considered, and lastly why your staff
overclassified Mr. Harris in their scoring of his case.

STEVEN H. SADOW, P. C.

Delbert Sauers
May 15, 2009
Page -4-

Your further review of the designation and all pertinent factors in this young man's case is requested. Mr. Harris has been a fully productive and law abiding citizen in the community for well over one year since his guilty plea, during which time he also voluntarily performed community service *nationwide*. He should not require any more than Minimum security placement, which is why the judge recommended placement at the Atlanta camp. Further, besides scoring him incorrectly, the designation to FCI Forrest City Arkansas is very severe in that it sends Mr. Harris too far from his home. Besides the camp in Atlanta, there are other Minimum security camps closer to Atlanta, and even if classified at Low security, there is a Satellite Low Security Facility (FSL Jesup) at the FCI Jesup, Georgia.

I eagerly await your review and response, as time is of the essence.

Sincerely,

Steven H. Sadow
Attorney for Clifford Harris, Jr.

cc: DSCC-Legal Section
    Joyce K. Conley, Ph.D., Assistant Director
        Correctional Programs Division

LAW OFFICE

# STEVEN H. SADOW, P.C.

260 PEACHTREE STREET, N.W.

SUITE 2502

ATLANTA, GEORGIA 30303

———

(404) 577-1400

Fax (404) 577-3600

April 10, 2009

Delbert Sauers, Designations Administrator
US Armed Forces Reserve Complex
346 Marine Force Drive
Grand Prairie, TX 75051

      Re:    Harris, Clifford J., Jr.
              Reg. No. 59458-019

Dear Mr. Sauers:

      I am writing to provide significant information relevant to the Court's recommendation for designation in the case of my client, Clifford Harris, Jr. (a/k/a TI). Mr. Harris was sentenced to imprisonment for 1 year and 1 day on firearm offenses on March 27, **2009**. The Court recommended designation to the Minimum security camp in Atlanta, if eligible, and more specifically, the Court found that my client "***does not pose a danger to society, a risk of violence or an escape risk***" that would warrant any higher than Minimum security placement.

      The most important factor in the Court's finding and recommendation is the fact that prior to his sentencing, Mr. Harris was permitted to remain free in the community *for a full year* after entering his guilty plea on March 27, **2008**. During this one year period in the community, Mr. Harris completed over 1,000 hours of community service across the United States. (A list of the community service performed by Mr. Harris (TI) is included with this letter) Additionally, my client has been allowed to remain free pending voluntary surrender to the facility that the Bureau of Prisons may designate. Clearly, an individual who has been allowed to remain free in the community *for over a year* between his guilty plea to firearm offenses and sentencing, during which time he performed nationwide community service and abided by all laws and supervisory requirements, should qualify for Minimum security camp placement.

      Unfortunately, it is my considered opinion that based solely on the offense and prior record information presented in the Presentence Report, my client technically may be scored by the Bureau of Prisons at Low security. Based upon the reality of his lengthy Court-granted community freedom and extensive community service, such scoring would not be truly reflective of the fact that he should be easily managed in a Minimum security setting. I would like to mention at this point that the U.S. Probation Office contacted your office prior to my client's sentencing, at which time they may have been erroneously informed by Designation staff that my client's history of violence (which is minor only) would be scored according to how recently he was sentenced for it. As you know, of course, in accordance with the BOP Designation manual,

STEVEN H. SADOW, P. C.

history of violence is to be scored according to when the behavior actually occurred rather than a date of conviction, so I would urge you to ensure that he is scored correctly at a point total within the Low security range.  But even more importantly, I request that Mr. Harris be given your fullest consideration in receiving a Management Variable (MGTV) of Lesser Security in order to receive the recommended designation to the Minimum security Atlanta camp.  An MGTV of Lesser Security would be cognitive of and consistent with the information I have raised in this letter as well as the Court's findings and recommendation.  (I would also point out that, but for Mr. Harris' young age, he most likely would be scored at Minimum security)

Thank you very much for your attention to my client's case.  Should you or your staff require any additional information about the points I have raised, please contact me.  The sentencing Judge has also indicated you may contact him directly, if necessary, to corroborate the information and points made in this letter.  (Judge Charles A. Pannell, Jr.  404-215-1580)

Sincerely,

Steven H. Sadow
Attorney for Clifford Harris, Jr.



**U.S. Department of Justice**
Federal Bureau of Prisons

Designation and Sentence Computation Center

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

April 24, 2009

Steven H. Sadow, P.C.
260 Peachtree Street, N.W.
Suite 2502
Atlanta, GA 30303

**Re:  HARRIS, Clifford Joseph**
      Reg. No. 59458-019

Dear Mr. Sadow:

    This is in response to your correspondence to the
Designation and Sentence Computation Center, regarding your
client, Clifford Harris, in which you believe he is appropriate
for placement in a minimum security level facility due to his
participation in community service prior to his voluntary
surrender date.  Specifically, you request he be designated to
the minimum security level facility in Atlanta, Georgia, as
recommended by the sentencing Court.

    The Bureau of Prisons (Bureau) attempts to designate inmates
to facilities commensurate with their security and program needs
within 500 miles of their release residence, while maintaining
population balance throughout our institutions.  If an inmate is
placed at an institution that is more than 500 miles from his
release residence, generally, it is due to specific security,
programming, or population concerns.  In addition, the Bureau
makes every effort to comply with judicial recommendations when
such requests are consistent with policy and sound correctional
management.  Accordingly, Mr. Harris will be designated to an
appropriate facility in accordance with Program Statement
5100.08, <u>Inmate Security Designation and Custody Classification
Manual</u>.

    I trust this response has addressed your concerns.

                    Sincerely

                    Delbert G. Sauers
                    Chief

klc