UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. |
| v. | ) | |
| | ) | 1:07-CR-344-01-CAP |
| CLIFFORD J. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM REGARDING THE
PROPER CRIMINAL HISTORY CATEGORY
TO BE APPLIED IN THE REVOCATION PROCEEDING

The Sentencing Options Memorandum supplied to this Court by the

Probation Officer indicates that the Revocation Sentencing Options should reflect a

Criminal History Category VI, which results in a Guideline Range of 8 – 14

months.  This calculation is erroneous.  The correct Criminal History Category

calculation is a Category III, resulting in a recommended sentencing range of 5 –

11 months.

In the original Presentence Report, the Probation officer noted that Harris

had two prior convictions: (1) a conviction in Cobb County for possession of

cocaine with intent to distribute (¶¶16 and 56); and (2) a conviction for battery on a

law enforcement officer in Hillsborough County, Tampa, Florida, Fla. Stat. §

784.07(2) and Fla. Stat. §784.03(1). (¶¶ 17 and 61).

1

Base on these two prior convictions, the PSR recommended that the court

modify the Sentencing Guideline calculation pursuant to §4B1.1(b), because Harris

was a Career Offender (i.e., he had two prior convictions for qualifying felonies,

one conviction for a drug offense and one conviction for a "violent felony") (PSR

¶64). Prior to sentencing, Harris objected to this application of the Career

Offender Guideline on the basis that his prior offense in Florida – the offense of

battery on a law enforcement officer – did not qualify as a "violent felony" (¶64,

Defendant's Objection). The objection filed by Harris expressly noted that the

United States Supreme Court had granted certiorari in a case arising out of Florida

to address the precise question raised in this case:  that is, whether a battery

conviction under Florida law qualifies as a violent felony.

This court did not resolve the disputed sentencing guideline objection

because there was a binding plea that governed the ultimate disposition of the case.

On March 2, 2010, the United States Supreme Court decided *Johnson v.*

*United States*, 130 S. Ct. 1265 (2010). As predicted by the defense in this case, the

Supreme Court held that battery under Florida law does not categorically qualify as

a violent felony. *Johnson* was addressing the definition of "violent felony" as that

term exists in the Armed Career Criminal Act (18 U.S.C. § 924(e). The Eleventh

Circuit has repeatedly held that the definition of a violent felony under the Armed

Career Criminal Act is identical to the definition under the Career Offender

provision of the Sentencing Guidelines.  *United States v. Archer*, 531 F.3d 1347
(11th Cir. 2008); *United States v. Williams*, 609 F.3d 1168 (11th Cir. 2010).

The Court in *Johnson* held that a conviction for battery under Florida law is
not categorically a crime of violence. This is because there are three ways to
commit the offense of battery under the Florida statute:   (1) intentionally touching
another person against the will of the other person; (2) intentionally causing bodily
harm to another person; (3) intentionally striking another person against the will of
the other person.  The *Johnson* court concluded that the first method of committing
this offense did not qualify as a "violent felony."  A "mere touching" the Court
reasoned, does not amount to a violent felony.  Because the record in the *Johnson*
case did not provide a legitimate basis for deciding which of the three methods was
the basis for the defendant's conviction, that prior offense was not a qualifying
predicate conviction.

The indictment in Harris's case is equally unrevealing.  The indictment
alleged that Harris and his co-defendant "did knowingly, unlawfully, and
intentionally *touch or strike*" Detective Green . . . against the will of the said
Detective."  (PSR ¶ 61).  The *Johnson* Court expressly held that given this type of
ambiguity, the court must consider the "least of these acts."

This ambiguity in the charging document was also addressed in the case of
*United States v. Smith*,  --- F.Supp.2d ---, 2010 WL 2836616 (M.D. Fla. 2010).  In

*Smith*, as in this case, the charging document alleged that the defendant "touched

or struck" the victim.  Judge Steele, in compliance with the clear mandate of

*Johnson*, held that given the ambiguity, the court was required to assume the "least

of these acts" in deciding whether the offense qualified as a violent felony.

Subsequent to *Johnson*, the Eleventh Circuit reached the precise result that is

dictated in this case.  In *United States v. Williams*, 609 F.3d 1168 (11th Cir. 2010),

the defendant had a prior felony conviction for battery on a law enforcement

officer.  Because the record in that case did not show that the defendant engaged in

more conduct than "an unwanted touching" the *Williams* court concluded that the

Florida battery offense could not be used as a qualifying predicate felony under the

Career Offender guideline.  *See also United States v. Joseph*, 371 Fed. Appx. 70

(11th Cir. 2010) (holding that the felony of battery of a police offense under Florida

law did not categorically qualify as a crime of violence for purposes of determining

appropriate guideline under § 2K2.1).

Just as in the context of the Armed Career Criminal Act cases, this court is

not authorized to plumb the entire record of the Florida case to determine the facts

of that case.  In determining whether the conviction qualifies as a crime of

violence, the court is limited to a consideration of the elements of the offense.  If

the judgment is ambiguous or the statute is overbroad, then the court may consider

certain limited other information including a transcript of a plea colloquy or a

written plea agreement. *United States v. Brown*, 526 F.3d 691 (11th Cir. 2008) (limiting the information about the prior offense that the court may consider in the Career Offender context). *See generally Shepard v. United States*, 544 U.S. 13 (2005) (limiting the information that the court may consider in deciding whether the prior offense is a violent felony in the context of the Armed Career Criminal context). In *Smith*, discussed above, the government supplied to the court and the probation officer the "arrest affidavit" and a police report. Judge Steele expressly held that the arrest affidavit was not the type of document that could be considered in deciding whether the prior offense qualified as a violent felony (i.e., whether the conduct amounted to a "striking" as opposed to a "touching"). For this reason, the reference to the arrest affidavit in the PSR in Harris's case is irrelevant and may not be the basis for resolving the ambiguity in this case.

## CONCLUSION

For the foregoing reasons, the Criminal History Category in this case should

be changed to reflect a Criminal History Category of III and an advisory Guideline

range of 5 – 11 months.

Respectfully Submitted,

BY: */s/Edward T.M. Garland*
EDWARD T.M. GARLAND
Georgia Bar No. 284900


BY: */s/Donald F. Samuel*
DONALD F. SAMUEL
Georgia Bar No. 624475

Garland, Samuel & Loeb, P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-2225
etg@gsllaw.com
dfs@gsllaw.com

BY: */s/ Steven H. Sadow*
STEVEN H. SADOW
Georgia Bar No. 622075

Law Offices of Steven H. Sadow, P.C.
Suite 2502
260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(404) 577-1400
steve8300@mindspring.com

Signatures Continued on Following Page

BY: */s/Dwight L. Thomas*
DWIGHT L. THOMAS
Georgia Bar No. 704825

1745 Martin Luther King Jr. Drive
Atlanta, Georgia 30314
(404) 522-1400
dlowellthomas@hotmail.com

BY: */s/Janice A. Singer-Capek*
JANICE A. SINGER-CAPEK
Georgia Bar No. 649033

Thompson & Singer, P.A.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-6277
jas@thompsonsinger.com

**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | INDICTMENT NO. |
| | ) | 1:07-CR-344 |
| v. | ) | |
| | ) | |
| CLIFFORD J. HARRIS, JR. | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2010, I electronically filed

the within and foregoing *Memorandum Regarding The Proper Criminal History*

*Category To Be Applied In The Revocation Proceeding* with the Clerk of Court

using the CM/ECF system which will automatically send email notification of such

filing to all counsel of record.


BY:  */s/Donald F. Samuel*
DONALD F. SAMUEL
Georgia Bar No. 624475