IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | INDICTMENT NO. |
| v.                                           ) | |
| ) | 1:07-CR-344-CAP/AJB |
| CLIFFORD HARRIS, JR.,        ) | |
| a/k/a T.I.,                               ) | |
| ) | |
| DEFENDANTS.                 ) | |

## SUPPLEMENTAL SENTENCING MEMORANDUM

The defense has previously submitted a sentencing memorandum on the issue of the appropriate Criminal History Category (Doc. 99).  The government has furnished to the defense a copy of the transcript of the Florida battery guilty plea. (A copy of the transcript is attached as Exhibit "1").  This transcript does not satisfy the requirements of *Shepard v. United States*, 125 S. Ct. 1254 (2004), to establish that the prior offense qualified as a violent felony.  Therefore, as explained in Defendant's original Sentencing Memorandum, the Criminal History Category should be reduced to Category III, and the appropriate guideline computation should reflect an advisory range of 5 – 11 months.

As Defendant's initial sentencing memorandum explained, his Florida conviction for battery on a law enforcement officer does not qualify as a violent

1

felony *per se*. *See Johnson v. United States*, 130 S. Ct. 1265 (2010). The Supreme Court in *Johnson* held that the Florida battery offense is ambiguous, in that it qualifies as a violent offense in certain instances, but not in other instances.

With regard to ambiguous offenses of this nature, the Supreme Court has held that in order to determine if the ambiguous prior offense qualifies as a violent felony, only certain sources of information may be consulted. *Shepard v. United States*, 125 S. Ct. 1254 (2004). One such source of information is the indictment. In this case, however, the indictment does not resolve the ambiguity. Another potential source of information to resolve the ambiguity is a guilty plea transcript. However, in order to rely on a transcript, there must be a factual finding by the judge, or an explicit assent by the defendant, that establishes that the offense of conviction did, in fact, constitute a violent felony.

In this case, the transcript is insufficient for three reasons: (1) the defendant entered his plea pursuant to the Florida-equivalent of *North Carolina v. Alford*, 400 U.S. 25 (1970) (the trial judge began the colloquy by saying, "your attorney has indicted to me that you wish to enter a plea of guilty in your best interest; and at no time did Harris say that he was guilty, or admit the facts involved in the offense); (2) at no time during the plea colloquy did the trial judge make *any* findings regarding the facts of the case; (3) at no time during the plea colloquy did Harris "assent" to any facts that established that this was a violent felony.

Two courts have considered whether an *Alford* plea with no specific findings of fact by the judge, can qualify under *Shepard* to establish that a conviction for an ambiguous offense qualifies as a violent felony. Both courts have held that such a plea colloquy does not satisfy the *Shepard* standard. *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010); *United States v. Madera*, 521 F.Supp.2d 149 (D. Conn. 2007).

In *Alston*, the Fourth Circuit held as follows:

> The distinguishing feature of an *Alford* plea is that the defendant does not confirm [the] factual basis . . . And it is this same feature that makes it clear that, under *Shepard*, the prosecutor's proffer of the factual basis for an *Alford* plea may not later be used by a sentencing court to identify the resulting conviction as an ACCA [Armed Career Criminal Act] predicate. *Shepard* held, after all, "that enquiry under the ACCA to determine whether a plea of guilty . . . *necessarily admitted* elements of a [qualifying] offense is limited to the terms of the charging document, the terms of a plea agreement or *transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant*, or some comparable judicial record of this information." *Shepard,* 544 U.S. at 26.

*United States v. Alston*, *supra* at 227 (emphasis in original).

The holding in *United States v. Madera*, *supra* is identical. As in *Alston* (and as in this case), the defendant's prior plea to an ambiguous offense was entered pursuant to *Alford*. The factual basis for the prior plea did not include an express confirmation by the defendant that the offense was for a qualifying violent felony and there was no explicit factual finding by the judge that the offense involved the elements of a violent felony.

3

In this case, it is evident that at the plea colloquy the prosecutor simply read into the record the police report. It is universally recognized that a police report is not a document that passes *Shepard* standards for establishing that a prior offense qualifies as a violent felony. Because the Florida judge made no findings and because Harris did not confirm the facts, the transcript of the prior plea in Florida does not establish that the battery offense was a violent felony under the Career Offender guideline.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in the initial sentencing memorandum, the defendant urges the court to reduce the Criminal Category to III and find that the appropriate sentencing range is 5 – 11 months.

                Respectfully Submitted,

                BY: */s/Edward T.M. Garland*
                EDWARD T.M. GARLAND
                Georgia Bar No. 284900

                BY: */s/Donald F. Samuel*
                DONALD F. SAMUEL
                Georgia Bar No. 624475

Garland, Samuel & Loeb, P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-2225
etg@gsllaw.com
dfs@gsllaw.com

Signatures Continued on Following Page

          BY: */s/ Steven H. Sadow*
          STEVEN H. SADOW
          Georgia Bar No. 622075

Law Offices of Steven H. Sadow, P.C.
Suite 2502
260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(404) 577-1400
steve8300@mindspring.com

          BY: */s/Dwight L. Thomas*
          DWIGHT L. THOMAS
          Georgia Bar No. 704825

1745 Martin Luther King Jr. Drive
Atlanta, Georgia 30314
(404) 522-1400
dlowellthomas@hotmail.com

          BY: */s/Janice A. Singer-Capek*
          JANICE A. SINGER-CAPEK
          Georgia Bar No. 649033

Thompson & Singer, P.A.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
(404) 262-6277
jas@thompsonsinger.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **INDICTMENT NO.** |
| **v.** ) | |
| ) | **1:07-CR-344-CAP/AJB** |
| **CLIFFORD HARRIS, JR.,** ) | |
| *a/k/a* **T.I.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2010, I electronically filed the within and foregoing *Supplemental Sentencing Memorandum* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

>            BY: */s/Donald F. Samuel*
>            DONALD F. SAMUEL
>            Georgia Bar No. 624475