FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 21 2010

JAMES N. HATTEN, CLERK
By: [signature]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Vs. | ) CRIMINAL ACTION NO. : 1:07-CR-344-CAP |
| CLIFFORD J. HARRIS, JR. | ) |
| Defendant. | ) |

## MOTION TO SET-ASIDE ORDER/JUDGMENT

COMES NOW, the Citizens of the State of Atlanta Georgia, and respectfully MOVE this Court to set-aside the Order/Judgment entered in the above captioned matter against Defendant, Clifford J. Harris, Jr., and in support thereof says,

1. On September 16, 2010, Jack D. Briscoe, a Probation Officer of this Court, filed a petition for a show cause against Mr. Harris alleging a number of so-called violations of his conditions of supervised release, to wit: Commission of a State Crime (Felony), Possession and Use of Controlled Substances, and Association with Convicted Felon.

2. By order of court dated October 15, 2010, the Court revoked Mr. Harris' supervise release and committed him to the custody of the Bureau of Prisons for a period of Eleven (11) months. *See* Doc. No. 103.

3. Generally, incarceration is a punitive sanction and ought to be used only in egregious circumstances, which, from the face of the alleged violations by the Probation Officer, do not appear to be present in this case.

4. It appears as though the Probation Officer in this case had an axe to grind and instead of seeking rehabilitation of Mr. Harris chose to seek his incarceration on what appears to be a first-time so-called violation of the conditions of supervised release.

5.      First, there is no allegation that Mr. Harris was ever convicted of the alleged offense of Commission of a State Crime, more specifically, Possession of a Controlled Substance (Ecstasy) on or about September 1, 2010, a violation of California code §11377(a) H & S. Interestingly, the Probation Officer repeated this as not only Violation No. 1, but also, Violation No. 2, stating specifically, that on September 1, 2010, the defendant illegally possess controlled substances, to wit, codeine, marijuana and Ecstasy. Indeed, for all we know those charges could very well be dismissed on the merits and even if they are not, it would not be a sufficiently proper basis to order an immediate incarceration of Mr. Harris.

6.      Second, even if Mr. Harris did submit to a drug screen via urinalysis that returned positive for opiates, however, Physicians since the nineteenth century has prescribed opiates for pain. They were also widely prescribed, however, for cough, diarrhea, dysentery, and a host of other illnesses. Thus, anyone on federal Probation who are prescribed opiates by a Physician for pain and then test positive for it in a Probation Office setting would find themselves incarcerated, which, again, would not be a proper basis to find a violation of probation..

7.      As a third basis for violation, the Probation Officer alleges that on or about September 1, 2010, Mr. Harris associated with Cortez Thomas, who, according to the Probation Officer, is a convicted felon. That very well may be true however there is nothing to suggest that Mr. Harris either 'knew' or had reason to know that Mr. Thomas had a criminal history; one could never phantom that a probationer would conduct a 'background' investigation on his acquaintance to ensure compliance with the conditions of probation.

8.      These alleged probation violations cited by the Probation Officer are 'petty' to say the least, but most importantly, do not warrant incarceration.

9. At most, Mr. Harris may have a drug addiction and sending a person to prison for having an addiction is not what society condones. Instead, a person who has an alcohol or drug addiction needs 'rehabilitation' and incarcerating that person for having an alcohol or drug addiction does not in any way 'rehabilitate' that person; and if it did, the government could seek the incarceration of every citizen in the country who consume alcoholic beverages or even over the counter drugs for that matter.

10. The bottom-line is that neither the Probation Officer nor the Assistant U.S. Attorney could ever hope to offer evidence to suggest that placing a Defendant in prison for an addiction serves to 'rehabilitate' that Defendant.

11. In fact, nothing cited in the Probation Officer's report of a violation rises to the level of incarceration.

12. The United State of America as the Plaintiff in this case is comprised of the Citizens of the State of Atlanta Georgia, and therefore the Citizens of the State of Atlanta Georgia requests that the Court will set-aside the Order/Judgment entered in the above captioned case against Mr. Harris on October 15, 2010, inasmuch as it directs his incarceration.

13. The Citizens of the State of Atlanta Georgia, as taxpayers, have an interest in this case and believes that the most appropriate remedy in this case is ***rehabilitation*** and not a punitive sanction of incarceration. It would fly in the face of fundamental fairness to incarcerate Mr. Harris on a first so-called violation of the conditions of probation.

14. The Citizens of the State of Atlanta Georgia also believes that ***rehabilitation*** is the most appropriate disposition and is consistent with similar cases decided in this court involving the same circumstances present in this case. *See, e.g.*, Case Nos. 1:05-308-1 BBM, 1:09-503 CAP, 1:06-438-01 CAP, 1:04-410 CAP, 1:07-034-1 CAP, 1:05-336-01 RWS, 1:05-

308-03 BBM, 1:05-236-02 BBM, 1:05-172-02 JOF, 1:05-187-01 JEC, 1:06-391 BBM, 1:05-443 JTC, 1:05-191-2 WSD, 1:05-585 CAP, 1:05-403-6 CAP, 1:01-228 CAP, 1:05-296 CAP, 1:05-509 CAP, 1:05-403-3 CAP, 1:04-272 CAP, 1:00-50 CAP, 05-187 JEC, and 4:05-56-01 HLM.

15. More importantly however, is the fact that taxpayer's money ought not to be wasted to pay the expense to incarcerate a Defendant at the whelm of a Probation Officer and/or an Assistant U. S. Attorney, when, as in this case, other appropriate remedies are available as an alternative to incarceration; otherwise, this case would only be an example of the reason prisons are over-crowded and explains recidivism.

WHEREFORE, the foregoing reasons, the Citizens of the State of Atlanta Georgia, requests that this Court will VACATE the Order/Judgment entered in the above case and impose an Order directing the Defendant to enroll into an out-patient drug-treatment program.

Respectfully submitted,

October 18, 2010

Citizens of the State of Atlanta Georgia

## CERTIFICATE OF SERVICE

On October 18, 2010, a copy of the foregoing Motion was mailed to all parties and counsel of record, by regular, first-class mail, postage, pre-paid.

Citizens of the State of Atlanta Georgia